## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Robert D. Kline,    )
         )
   Plaintiff   )
         ) Civil Action No. 1:19-cv-1043
         ) (Magistrate Judge Arbuckle)
         )
Elite Medical Laboratories, Inc.,)
Performance Laboratories, LLC &
Dr. Richard Arriviello, Jr. D.O, )
         )
   Defendants )

FILED
HARRISBURG, PA

JUL 1 6 2019

Per _____
Deputy Clerk

## PLAINTIFF'S FIRST AMENDED COMPLAINT IN RESPONSE TO DEFENDANTS' RULE 12(B)(6) MOTION

Plaintiff ROBERT D. KLINE brings this action for damages, restitution, statutory damages, sanctions, interest, and court costs pursuant to Federal Statute 47 U.S.C. 227 et seq. ("TCPA") and 47 C.F.R. 64 et seq. for the ultra vires illegal actions and deliberate and knowing tortuous activity of ELITE MEDICAL LABORATORIES, INC.,

PERFORMANCE LABORATORIES, LLC &   DR.RICHARD

ARRIVIELLO, D.O, to include their subcontractor(s), if any some

of which are unknown at this time for negligently and/or willfully

contacting Plaintiff via Plaintiff's cell phone to solicit telemarketing

sales ("Sales Calls"), by utilization of an automatic telephone dialing

system, in violation of the Telephone Consumer Protection Act, 47

U.S. C. § 227 et seq. (TCPA) and related claims that form part of the

same claim or controversy.   Plaintiff demands a trial by jury, and

complains and alleges as follows:


## I. <u>INTRODUCTION</u>

1. Upon information and belief Plaintiff avers that Defendant Elite

Medical Laboratories, Inc., ("Elite') is a company located in Georgia

and incorporated in that state which is in the business of, inter alia,

performing various medical testing to include cancer tests for  various

entities throughout Pennsylvania as well as others in the US.   Its

agent for service, Walid Diab, was sent a writ of summons at 3330

Westbrook Rd. Suwanee, GA, 30024.

Upon information and belief Plaintiff avers  and hereby alleges

that  at  all  times  mentioned  herein  Defendant,  Performance

Laboratories, LLC ("Performance")  is a for profit medical testing lab that does various types cancer screening tests and was mailed a writ of summons in this matter addressed to Performance Laboratories, LLC c/o, Registered Agents, Inc., 3030 Northwest Expressway, Ste. 200B, Oklahoma City, OK 73112.

Plaintiff, upon information and belief, hereby alleges that at all times mentioned herein Defendant, Dr. Richard Arriviello, Jr. D.O. ("Arriviello") is a medical doctor that provides consultation relating to cancer screening to the other Defendants as well as works in concert with some defendants which are unknown at this time. For all times relevant herein Arriviello is located at 153 Eclipse Way, Mooresville, NC 28117-6001 and was served with original process at the aforementioned address.

2. Plaintiff brings this action to challenge the Defendants' practices in the telephone solicitation of their products and services. Specifically, Plaintiff challenges Defendants  as well as their agents, servants, subcontractors and employees illegal telephone solicitations by which they market their products and services by using illegal calls made using an automatic telephone dialing system and robo calls, as well as their failure to maintain a Do-Not-Call policy

or list in connection therewith.    Plaintiff also makes claims for trespass to chattels for the illegal use of his cellular telephone.

3. All of the claims asserted herein arise out of Defendants' illegal telephone solicitation campaign and are a common fact pattern.

## JURISDICTION AND VENUE

4.   This matter has been removed by Defendants from Mifflin County Court of Common Pleas and also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants conduct business in, and a substantial part of the events giving rise to Plaintiff's claims occurred in Mifflin County, Pennsylvania  which lies within this judicial district, pursuant to 28 U.S.C. §118(b).  Plaintiff received the phone calls to a 570-area code number, which is used in this judicial district and, thus, they have   intentionally   availed   themselves   to   jurisdiction   in   this Commonwealth.  Plaintiff avers that Defendants, by the doing of a single act in this  Commonwealth of Pennsylvania for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts, such as

providing cancer testing, have therefore voluntarily availed themselves to the privileges of doing business in the Commonwealth of Pennsylvania and is therefore subject to the jurisdiction of Pennsylvania courts as per 42 Pa. C. S. A. 5301 et seq. Plaintiff further states that Defendants by violating the TCPA in their calls to the Plaintiff have caused harm or a tortuous injury in the Commonwealth of Pennsylvania by an act or omission outside this Commonwealth as per 42 Pa. C. S. A. 5301 et seq. Defendants have engaged in illegal telemarketing in their attempts to contract to supply services of insurance in the Commonwealth of Pennsylvania to Plaintiff and are therefore subject to jurisdiction here as per 42 Pa. C. S. A. 5301 et seq.   Given the repetitive calls made to Plaintiff, each of the Defendants has sufficient minimum contacts with this District, and otherwise purposely availed themselves of the markets in this District. Also, see *Lary v. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent…; it occurred when the [facsimile] was received." Facsimile messages, text messages and phone calls that are

described here are treated as violations under the TCPA.

## II. Parties

6. Plaintiff is an adult individual who received the alleged phone calls on his private cellular telephone line mentioned herein.  Plaintiff is a citizen of the Commonwealth of Pennsylvania who  resides for all times relevant here and may be mailed at 2256 Fairview Road, McClure, PA 17841.

7.  The Defendants work in concert to offer what are purportedly free cancer screening tests to various Medicare recipients throughout America are not registered as telemarketers in the Commonwealth of Pennsylvania as required by The Pennsylvania Telemarketing Registration Act 73 P.S. §§2241 – 2249 ("the Act").

8.  Defendant Arriviello is an adult individual is a medical doctor who prescribes the cancer screening tests.  Upon knowledge and belief Arriviello is the primary individual who reaps the benefit of the tortuous and illegal conduct described herein that is technically carried our by other agents and subcontractors.  Such tortuous and ultra vires conduct exceeds the permissible actions of corporations and LLC's in Pennsylvania.

9.  Discovery will reveal that there are other Defendants that will

need joined to this action.  It is not possible to determine who they are at this point in time as they operate with pseudo names with spoof numbers at various locations throughout United States.

10.   Upon information and belief the Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants, in committing the wrongful acts alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants  acted within an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

11.   At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and with others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

12.   The TCPA imposes personal liability on individuals who participate in or commission illegal telemarketing calls.

13. Under the TCPA, an individual such as Arriviello may be

7

personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. §217, the Communications Act of 1934, as amended, of which the TCPA is a part, which read, inter alia: "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure or such carrier or user, *as well as of the person."* 47 U.S.C. §217 (emphasis added).

14. When considering individual officer liability, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. See, e.g., *Jackson v. Five Star Catering, Inc. v. Beason,* 2013 U. S. Dist. LEXIS 159985, *10(E.D. Mich., Nov. 8, 2013), which states that "[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they 'had direct, personal participation in or personally authorized the conduct found to have violated the state.'" See also *Maryland v. Universal Elections*, 787 F. Supp. 2s. 408, 415-16 (D. Md. 2011, stating that 'If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."

8

15.   Defendant Arriviello is personally liable under the "participation theory" of liability because Arriviello is the prescribing doctor who was referred to many times by as yet unknown defendants as "our doctor"  and was therefore a conspiratorial agent who received the phone calls from various unknown the lead generation agents.  Plaintiff avers that spoof numbers were used to protect the real numbers of the unknown defendants and thus they protected their location in order that their operation could survive, yet be immune from plaintiffs who would pursue them for TCPA violations.  Furthermore, Arriviello, being the prescribing doctor working in concert with various other defendants is personally liable because he is or should be personally responsible for ensuring company his subcontractors and lead generators are in TCPA compliance.

### III.  **Factual Allegations**

16.   During March and April 2019, Plaintiff received the first of numerous calls which later discovery will reveal which were made using an automatic telephone dialing system ("ATDS"), or robocall equipment made by an entity that identified themselves through

agents as "Medicare Department" ("Dept.'). Although the aforementioned name is probably purely fictitious and thus not registered to do business in a fictitious name, Plaintiff believes that the aforementioned entity and agents that called him using that name were "lead generation agents" and/or subcontractors or associates of the Defendants as will be explained herein. These calls were made to Plaintiff's personal cellular telephone number, 570-658-3448 without expressed written permission. Plaintiff had not consented to this solicitation at any time, and Plaintiff's telephone number was registered on the National Do-Not-Call Registry as well as the Commonwealth of Pennsylvania Do-Not-Call Registry.

17. Most times when the Plaintiff was called by Dept. the cell phone display indicated they were calling from numbers bearing the area code 570 which is the phone district area code wherein the Plaintiff resides and is the same area code as the first three digits of his cellular phone number. Although the Defendants in this lawsuit are from various locations, telemarketers often use a district area code of the area in which the prospect resides, rather than their own, since it is more likely to cause a prospect to answer the phone to find out whom is calling.

18.   When Plaintiff answered the calls referenced herein each time he heard "dead air" or silence for a few seconds after which he heard an electronic "blip" before a live agent began speaking about cancer screening.  Generally, in telemarketing operations there is are lead generation agents who are the first level people that call thousands of people with their ATDS and robo systems which generate dead air because all the calls cannot be answered by the agent at the same time.  The aforementioned is built into the system to enable the agents to always have someone on the line that is answering, often times to what appears as "dead air" or the absence of anyone on the line.   The electronic blips occur when the calling agent answers the phone and speaks to the prospect, such as the Plaintiff.

19.  When Plaintiff asked who was calling each time he was called in this matter the agent indicated that it was Dept. or sometimes Cancer Screening Center ("Ctr.") and Plaintiff told the agents he did not need any cancer screening and not to call.  After a few calls over a period of a few days it was apparent that Dept. and Ctr. would not cease their calling Plaintiff and thus the annoyance and disruption that accompanied the calls would continue.

20. Plaintiff, after receiving more calls from Dept. or Ctr., began to realize that they were not going to honor his request not to call. Accordingly he endeavored to investigate the various entities that were calling, but, since Plaintiff is often times in a weak reception area, the reception of the cell phone would diminish and was generally insufficient to carry on a conversation needed to complete an in depth trace as to where the calling entities was located. Sometimes Plaintiff was in an area of good reception and would inquire in depth as to what the process for cancer screening entailed. Unknown agents specifically said, "our doctor will evaluate this information or "our doctor will call you." At other times Plaintiff was told that, "we have our own doctor that will evaluate your condition." The aforementioned statements indicate to the Plaintiff that Arriviello is working in concert with his agents that provide him information and thus he has vicarious liability for their illegal telemarketing calling practices.

21. At various times Plaintiff requested the Do Not Call policy of the agents that called him and asked them questions about their "Neustar" scrubbed cell phone list, however, based on the conversations, it was evident that the people calling the Plaintiff had

no idea  what it was and thus they could not comply with  section of the TCPA that relates to providing the policy to the person called.

22.   Often times Plaintiff, in pursuit of investigation, attempted to call the number of the  entities that had previously called him, but discovered that the numbers that were displayed on Plaintiff's phone were "spoof" numbers and could not be called which is indicative of an entity that is trying to conceal their whereabouts and real identity so as to avoid prosecution for their illegal activities.

23.   In March, 2019 Plaintiff received the first of many calls from foreign sounding individuals relating to cancer screening that were working in a "boiler room" type operation.  A boiler room is a room with many cubicles for phone calling campaigns and since there are not walls separating the various calling agents it is very typical to hear chatter in the background.

24.   During the first call the agent ask questions relating to family cancer history and said that, "our doctor will review these answers and he will make a diagnosis.  You will be mailed a cancer screening kit by our lab."

25.   The screening kits mentioned above  were provided by Elite and Performance and they are "person(s)" as defined by 47 U.S.C. §

153(39).

26.  Plaintiff has no prior business relationship with Defendants.

27.  It appears to Plaintiff that the Defendants operate in a civil conspiracy to accomplish their objective which includes obtaining fees from the U. S. Government's Medicare program.

28.  The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service…or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii).  As stated immediately above, the calls were placed using an automatic telephone dialing system to Plaintiff's private cellular telephone line.

29.  The TCPA provides a private cause of action to person who receive calls in violation of 47 U.S.C. §227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

30.  The TCPA provides a private cause of action to person who receives calls in violation of any of the implementing regulations codified in 47 C.F.R. 64.1200. *See* 47 U.S.C. § 227(c)(5).

31.  Plaintiff was harmed by the calls described herein as he was temporarily deprived of legitimate use of his phone because his phone line was tied up, it depleted minutes from his calling plan, he wasted energy and stress in answering a call, his telephone batteries and electricity were depleted, and his privacy was improperly invaded.   Moreover, the calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff as well as interfered with the work he was doing.

32.  The telephone solicitations constituted "calls" under the TCPA that were not made for emergency purposes.

33. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal cell telephone that utilized an "automatic dialing system" or any system that had the capacity to dial automatically or otherwise to transmit a message or make calls.

34.  As a point of fact, to the extent that "consent" was supplied during the calls, that was done in order to discover the identity of the caller and for no other reason.  Courts have held this to be legitimate and have not held such "consent" to be detrimental to a plaintiff

bringing a TCPA action. *See* for instance, Bank v. Caribbean Cruise Line, which held that "Purporting to obtain consent during the call, such as requesting that a consumer "press 1" to receive further information, does not constitute the prior consent necessary to deliver the message in the first place, as the request to "press 1" is part of the telemarketing call…. As the FCC has stated, the consent must be made before the call."

35.   The telephone Sales Calls identified herein therefore violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F),   47 C.F.R. 64.1200(d)(1), 47 C.F.R. 64.1200(d)(3), 47 C.F.R. 64.1200(a)(1)(iii), 47 C.F.R. 64.1200(a)(1), 47 C.F.R. 64.1200(c)(2) as well as the common law of trespass to chattels.

## IV.  Causes of Action

**First Cause of Action**
(Negligent Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

36.   Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraph above.

37.   As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. §227(b)(1)(A), Plaintiff seeks for himself

$500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B)

## Second Cause of Action
(Knowing and/or Willful Violation of the TCPA
"ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

38.  Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraph above.

39.   As a result of Defendants' and Defendants' agents knowing and/or willful  violations of 47 U.S.C. §227(b)(1)(A),Plaintiff seeks for himself treble damages, as provided by statute, up to $1500.00 for each and every violation, pursuant to 47 U.S. C. §227(b)(3).

## Third Cause of Action
(Negligent Violation of TCPA "Sales Call/DNC" Prohibition,
47 U.S.C. §227 et seq.)

40.  Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraph above.

41. As a result of Defendants' and Defendants' agents negligent violation of 47 U.S.C. §227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500.00 statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

### Fourth Cause of Action
(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

42. Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraph above.

43. As a result of Defendant' and Defendants' agents willful violation of 47 U.S.C. §227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)

### Fifth Cause of Action
(Negligent Violation of the TCPA "Do-Not-Call Policy"
Requirement, 47 C.F.R. 64.1200 et seq.)

44. Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraph above.

45. As a result of Defendants' and Defendants' agents negligent violation of 47 C.F.R. 64.1200(d)(1), Plaintiff seeks for himself $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

### Sixth Cause of Action
(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement 47 C.F.R. 64.1200 et seq.)

46. Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraphs above.

47. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 C.F.R. 64.1200(d)(1), Plaintiff seeks for himself treble damages, as implied, up to $1500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

**Seventh Cause of Action**
(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 C.F.R. 64.1200 et seq.)

48. Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraphs above.

49. As a result of Defendants' and Defendants' agents negligent violations of 47 C.F.R. 64.1200(d)(3), Plaintiff seeks for himself $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

**Eighth Cause of Action**
(Knowing and/or Willful Violation of the TCPA "Do-Not-Call List" Requirement, 47 C.F.R. 64.1200 et seq.)

50. Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraphs above.

51. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 C.F.R. 64.1200(d)(3), Plaintiff seeks for himself treble damages, as implied, up to $1500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

### Ninth Cause of Action
(Trespass to chattels)

52.   Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraphs above.

53.   As a result of Defendants' and Defendants' agent's illegal calls to Plaintiff's cell phone, his battery capacity was diminished as well as the phones memory.   Plaintiff was also denied use of the phone at the times he received calls from the Defendants and this agents.

54. As a result of Defendants' and Defendants' agents violations of the TCPA Plaintiff seeks for himself $1.00 damages for each Sales Call made to his cellular telephone under the theory of trespass to chattels to be determined after discovery is completed.

### v. Prayer for Relief

WHEREFORE, Plaintiff prays for relief against all Defendants, and each of them as follows:

A.  For awards of $500.00 for each negligent violation as set forth herein to include those that were generally referred to in this Complaint to be specifically identified after discovery is completed, but not less than $500.00 for the call that is specifically identified herein;

B.  For awards of $1500.00 for each knowing/willful violation as set forth herein to include those that were generally referred to in this Complaint to be specifically identified after discovery is completed, but not less than $500.00 for the call that is specifically identified herein;

C.  Punitive damages to punish Defendant for their willful, illegal, and deliberate tortuous conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortuous conduct, but not to exceed $100,000.00;

D.  An award of $1.00 for the call that is identified herein to compensate for the trespass to chattels suffered by Plaintiff;

E.  Prejudgment interest at the maximum legal rate;

F.  Costs of suit herein incurred; and

G.  Such other and further relief as the Court deems proper.

## VI. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated:  July 12, 2019

Robert D. Kline
Plaintiff pro se
2256 Fairview Road
McClure, PA 17841
Phone 570-658-3448
rob@eawireless.net

## CERTIFICATE OF SERVICE

On July 12 2019, I Robert D. Kline, Plaintiff herein served a copy of "Plaintiff's First Amended Complaint in Response to Defendant's Rule 12(b) Motion" on Defendants on their attorneys listed below via U. S. Mail postage paid first class:

Cathleen Kelly Rebar, Esquire
Patrick J. Healey, Esquire
470 Norristown Rd. Ste 201
Blue Bell, PA 19422

Robert D. Kline pro se - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

2256 Fairview Road
McClure, PA 17841
June 12, 2019

Clerk of Court
U.S. District Court, M.D. Pa.
Federal Bldg. & U.S. Courthouse
228 Walnut Street
9th Floor
Harrisburg, PA  17108

                        RE:      Filing of plaintiff's amended complaint
                                 Civil Action No. 1:19-cv-1043-

Dear Sir or Madam:

Enclosed please find an original and one copy of "Plaintiff's First Amended Complaint in Response to Defendant's Rule 12(b)(6) Motion".  Please file this document and return the copy in the postage paid envelope I have provided.

Thanks for your attention to this matter and feel free to call me with any concerns relating to this document.

                                 Respectfully,

                                 Robert D. Kline – pro se
                                 570-658-3448
                                 rob@eawireless.net

ı|ı|¹ı¹·ıı¹|ı·ı·|ı·¹¹ıı|ı||ı·|·|||¹|ı·ı|ı·|ı·¹ıı||¹|¹|



R. D. Kline
2256 Fairview Road
McClure, PA 17841

REC
HARI

JU

PER

Clerk of Court
U.S. District Court, M.D. Pa.
Federal Bldg. & U.S. Courthouse
228 Walnut Street
9th Floor
Harrisburg, PA  17108