**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Robert D. Kline, )<br>)<br>Plaintiff )<br>) Civil Action No. 1:19-cv-1043<br>) (Magistrate Judge Arbuckle)<br>)<br>Elite Medical Laboratories, Inc.,)<br>Performance Laboratories, LLC &<br>Dr. Richard Arriviello, Jr. D.O, )<br>)<br>Defendants ) | FILED<br>HARRISBURG, PA<br>AUG 28 2019<br>PER ___ma___<br>DEPUTY CLERK |

**PLAINTIFF'S OPPOSITION BRIEF TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

INTRODUCTION

Plaintiff Robert D. Kline ("Plaintiff") filed this suit in Mifflin County Court of Common Pleas initially alleging that Elite Medical Laboratories, Inc. Performance Laboratories, LLC and Dr. Richard

2

Arriviello, Jr. D.O. ("Defendants") or their agents made an unwanted, computer-dialed telemarketing call to his cellular telephone line using an unlawful automatic telephone dialing system ("ATDS or "autodialer") prohibited by the Telephone Consumer Protection Act ("TCPA") See 47 U.S.C. § 227(b)(1)(A)(iii). The initial call from Defendants was made despite the fact that Plaintiff's telephone number was on the National Do Not Call Registry. The Defendants have removed the case to United States District Court for the Middle District of Pennsylvania.

In response to this straightforward claim, Defendant Arriviello launches an attack on the Plaintiff using various Rule 12 theories and claims, inter alia, the Plaintiff has failed to allege that Defendant Dr, Richard Arriviello, D. O. (doctor) made an unsolicited robo call to him and has failed to allege fact to support his allegations that the person who made the robo calls to him was the agent of the doctor.

Given the Defendants' Rule 12 motion the Plaintiff filed an amended complaint under F.R.C.P 15 that was more detailed with additional claims relating to additional calls and included other theories of liability all of which were done to address what the doctor's suggestions in his Rule 12 motion that Plaintiff's allegations

3

were inadequate and/or not cognizable for this matter to progress.

Defendant has now filed a motion to dismiss Plaintiff's amended complaint and Plaintiff files this response in opposition to thier motion.

## BACKGROUND

The Plaintiff brought this action under the TCPA, which was enacted in response to widespread public outrage about the proliferation of intrusive; nuisance-telemarketing practices. *See Mims v. Arrow Fin. Servs.* LLC. 132 S. Ct. 740, 745 (2012). More specifically, Plaintiff's claim is that doctor through his agents violated the TCPA by using an ATDS/robo technology to contact him on his cellular telephone doctor did so in order to try to secure Plaintiff as a customer of his health insurance products and/or to his be a user of his medical services as well.

The TCPA defined an ATDS as "equipment which has *the capacity*—(A) to store or produce telephone numbers to be called, using random or sequential number generator; and (B) to dial such number." See 47 U.S.C §227(a)(1) (emphasis added). According to the FCC, the agency charged with interpreting and administering the TCPA, a system qualified as an ATDS if is has the "capacity" to automatically dial number from a stored list, "even if it is not presently

used for that purpose." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (2015) (the "2015 Order") at ¶10.

Plaintiff has filed an amended complaint to address the F.R.C.P. 12(b)(6) filing of doctor and provides this brief in support. To date Plaintiff has not received any other objection to his Amended Complaint.

Because the calls to the Plaintiff continue to be transmitted using technology capable of generating thousands of similar calls per day it seems the Plaintiff's phone rings unceasingly. Moreover, telemarketing phone calls are on an ever increasing frequency disturbing his peace and solitude. Plaintiff therefore brought this action pro se to seek his remedy against Defendants and in this filing to seek remedy against doctor.

## ARGUMENT

**A. Motion to Dismiss First Amended Complaint Pursuant to F.R.C.P. 12(b)(6):** <u>Plaintiff has filed an amended complaint and thus his amended complaint should not be dismissed as it is pleaded with sufficient specificity to allow doctor to plead and</u>

. **attach liability to him to include proper facts to establish agency.**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984). "Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d. Cir. In the instant matter Plaintiff has alleged at minimum that doctor's agents called him on his phone here in Pennsylvania and engaged in, inter alia, trespass to chattels as well. The aforementioned facts alone are sufficient to qualify as a statement suitable to confer jurisdiction in this forum on claims that may be properly adjudicated.

Plaintiff also has averred that doctor through his agents has tried to offer various cancer screening products and by the doing of a single act in the Commonwealth of Pennsylvania for the purpose of

thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts, such as selling insurance with the associated paperwork, he has voluntarily availed himself to the privileges of doing business in the Commonwealth of Pennsylvania and is therefore subject to the jurisdiction of Pennsylvania courts under the long-arm statute as illuminated at 42 Pa. C. S. A. 5301 et seq.

Plaintiff has alleged in his Amended Complaint that he received numerous calls from the Defendants or their agents. Numerous calls should constitute the carrying on of a "continuous systematic part business within their Commonwealth" as described above.

Plaintiff avers that Defendants are from various locations outside this Commonwealth and, by violating the TCPA in making their calls to the Plaintiff, they have caused harm or a tortuous injury in the Commonwealth of Pennsylvania "by an act or omission outside this Commonwealth" as which is covered by 42 Pa. C. S. A. 5301 et seq. Plaintiff believes that only a Pennsylvania judge has jurisdiction to adjudicate the tort described herein.

Plaintiff has a phone with the area code of 570 and resides in central Pennsylvania which is where the calls were received.

Accordingly, doctor has availed himself to this jurisdiction and could reasonably expect to be haled into court if he broke the law and he has been provided an amended complaint sufficient to plead to.

Here, Plaintiff alleges in his Amended Complaint that agents of doctor have said that (1) our doctor will evaluate information and (2) our doctor will call you. Both of the aforementioned statements are sufficient enough to allow doctor to plead to the amended complaint Either allegation, if true, would subject doctor to personal jurisdiction under Pennsylvania's long-arm statute and is sufficient to plead to.

Under the F.R.C.P's a plaintiff must plead facts sufficient to establish that the asserted agency relationship existed. In the instant matter, it is apparent that the lead generators and/or agents of doctor by their statements as written above had actual, implied or apparent authority and that they were working in conspiracy. Again, the statements in the previous paragraph tend to manifest authority of some type. The statements alleged in the amended complaint are not mere conclusory terms. Indeed, they cannot be more pointed and any reasonable person would believe that the agents were working for the doctor and it is specific enough to enable the defendant to plead to the complaint. It the Court finds otherwise, amendments will

fill any gaps or cure and deficiencies.

**CONCLUSION**

Given the discussion above it is apparent that agents and others mentioned in the amended complaint has some type of authority and the Plaintiff has pleaded facts consistent there with to allow doctor to plead to the amended complaint. If the Court finds otherwise, plaintiff can provide specific amendments that will fill any gaps or cure any deficiencies.

Respectfully,

Robert D. Kline – pro se
2256 Fairview Road
McClure, PA 17841
570-658-3448
rob@eawireless.net

## CERTIFICATE OF SERVICE

On August 26, 2019, I Robert D. Kline, Plaintiff herein served a copy of "PLAINTIFF'S OPPOSITION BRIEF TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT" on Defendant's attorneys listed below via U. S. Mail postage paid first class:

Cathleen Kelly Rebar, Esquire
Patrick J. Healey, Esquire
470 Norristown Rd. Ste 201
Blue Bell, PA 19422

_____
Robert D. Kline pro se - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

2256 Fairview Road
McClure, PA 17841
August 26, 2019

FILED
HARRISBURG, PA
AUG 2 8 2019
PER_____MG_____
DEPUTY CLERK

Clerk of Court
U.S. District Court, M.D. Pa.
Federal Bldg. & U.S. Courthouse
228 Walnut Street
9th Floor
Harrisburg, PA  17108

           RE:    Filing of brief in opposition to defendant's
                    Second motion to dismiss
                    Civil Action No. 1:19-cv-1043

Dear Sir or Madam:

    Enclosed please find an original and one copy of "Plaintiff's Opposition Brief to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint."  Please file this document and return the copy in the postage paid envelope I have provided.

    Thanks for your attention to this matter and feel free to call me with any concerns relating to this document.

                                            Respectfully,

                                            Robert D. Kline – pro se
                                            570-658-3448
                                            rob@eawireless.net

R. D. Kline
2256 Fairview Road
McClure, PA 17841





U.S. POSTAGE PAID
FCM LG ENV
MC CLURE, PA
17841
AUG 26, 19
AMOUNT
$0.00
R2305K137241-05

Clerk of Court
U.S. District Court, M.D. Pa.
Federal Bldg. & U.S. Courthouse
228 Walnut Street
9th Floor
Harrisburg, PA  17108