UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| ROBERT D. KLINE, | ) | CIVIL ACTION NO. 1:19-CV-1043 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| ELITE MEDICAL LABORATORIES, | ) | |
| INC., *et al.*, | ) | |
| Defendants | ) | |

MEMORANDUM OPINION
*Defendant Dr. Richard Arriviello's Motion to Dismiss (Doc. 15)*

On April 9, 2019, Richard Kline ("Plaintiff") filed a *pro se* Praecipe to Issue Writ of Summons in the Mifflin County Court of Common Pleas. (Doc. 1, ¶ 1). On May 31, 2019, Plaintiff filed a Complaint in then Mifflin County Court of Common Pleas in which he alleged that the following Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the regulations promulgated thereunder:

(1) Elite Medical Laboratories, Inc.;

(2) Performance Laboratories, LLC; and,

(3) Dr. Richard Arriviello, Jr.

(Doc. 1, pp. 10-14).

On June 6, 2019, this case was removed from the Court of Common Pleas of Mifflin County to the United States District Court for the Middle District of Pennsylvania by Richard Arriviello ("Defendant Arriviello"). (Doc. 1). Since its

removal to federal court, Plaintiff has filed an Amended Complaint (Doc. 12)—currently the operative complaint in this case—and has stipulated to the dismissal of all claims against two of the Defendants (Doc. 17). Defendant Arriviello is the only remaining Defendant in this case. The parties have consented to proceed before a United States Magistrate Judge. (Doc. 21).

Presently pending before the Court is Defendant Arriviello's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 15). Along with his Motion, Defendant Arriviello filed a brief in support. (Doc. 18). On August 28, 2019, Plaintiff filed a brief in opposition. (Doc. 20). This Motion is ripe for decision.

Upon consideration of Defendant Arriviello's Motion, IT IS ORDERED THAT it be GRANTED and that Plaintiff's claims against Defendant Arriviello be DISMISSED.

I. BACKGROUND AND PROCEDURAL HISTORY

During March and April of 2019, Plaintiff received the first of numerous calls that he alleges were made without his consent to his personal cellular telephone number, using an automatic telephone dialing system ("ATDS"), or robocall[1] equipment. (Doc. 12, ¶¶ 16). During these calls, the callers identified themselves as either "Medicare Department" or "Cancer Screening Center." (Doc.

---

[1] A robocall is a phone call that uses a computerized autodialer to deliver a message. Robocalls can be personalized audio messages that simulate an actual personal phone call.

12, ¶¶ 16, 19). During the first few calls, Plaintiff asked the callers to stop and told them that he was on the national "do not call list." (Doc. 12, ¶ 16). The calls continued despite Plaintiff's request that the callers stop. (Doc. 12, ¶ 20).

Because the calls did not stop, Plaintiff attempted to gain further information from the callers, presumably so he could take legal action to get the calls to stop. (Doc. 12, ¶ 20). During the calls, the callers asked questions relating to Plaintiff's family cancer history and told Plaintiff that their "doctor will review these answers and he will make a diagnosis. You will be mailed a cancer screening kit by our lab." (Doc. 12, ¶ 24). At some point Plaintiff was mailed a cancer screening kit, which was provided by Elite Medical Laboratories, Inc. and Performance Laboratories, LLC. (Doc. 12, ¶ 25).

With respect to Defendant Arriviello, Plaintiff alleges that the callers referenced their "doctor" several times during the calls. Plaintiff alleges that the "doctor" the callers were referring to is Defendant Arriviello but does not explain how he knew that. He does, however, allege that Defendant Arriviello is "a medical doctor that provides consultation relating to cancer screening to the other Defendants"—Elite Medical Laboratories, Inc. and Performance Laboratories, LLC. (Doc. 12, ¶ 1). He also alleges that Defendant Arriviello is "the prescribing doctor," but does not allege what Defendant Arriviello prescribed or for whom. (Doc. 12, ¶ 15).

On May 31, 2019, Plaintiff filed this *pro se* civil Complaint in state court alleging violations of the TCPA, the regulations promulgated thereunder and Trespass to Chattels against Elite Medical Laboratories, Inc., Performance Laboratories, LLC, and Richard Arriviello. (Doc. 1, ¶ 2). Defendant Arriviello paid the filing fee when this case was removed to federal court on June 6, 2019. (Doc. 1). Upon entering federal court, Defendant Arriviello filed his First Motion to Dismiss for Failure to State a Claim on June 26, 2019. (Doc. 26).[2]

On July 16, 2019 Plaintiff filed an Amended Complaint. (Doc. 12). In his Amended Complaint, Plaintiff alleges the following causes of action:

(1) Negligent Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227, (Doc. 12, p. 16);

(2) Knowing and/or Willful Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227 et seq. (Doc. 12, p. 17);

(3) Negligent Violation of TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq. (Doc. 12, p. 17);

(4) Knowing and/or Willful violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq., (Doc. 12, p. 18);

(5) Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 C.F.R. 64.1200 et seq., (Doc 12, p. 18);

(6) Knowing and/or Willful Violation of the TCPA "Do-Not-Call Policy" Requirement 47 C.F.R. 64.1200 et seq. (Doc. 12, pp. 18-19);

---

[2] On August 14, 2019, Defendant Arriviello's First Motion to Dismiss was dismissed as moot in light of the amended complaint. (Doc. 19).

(7) Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 C.F.R. 64.1200 et seq. (Doc. 12, p. 19);

(8) Knowing and/or Willful Violation of the TCPA "Do-Not-Call List" Requirement, 47 C.F.R. 64.1200 et seq. (Doc. 12, p. 19);

(9) Trespass to chattels, (Doc. 12, p. 20).

As relief, Plaintiff requests monetary compensation for each negligent violation of the TCPA, each knowing/willful violation of the TCPA, punitive damages, and compensation for trespass to chattels. (Doc. 12, ¶ 35).

On July 30, 2019, Defendant Arriviello filed his Second Motion to Dismiss for Failure to State a Claim. (Doc. 15). On August 12, 2019, Defendant Arriviello filed a Brief in Support. (Doc. 18). On August 28, 2019, Plaintiff filed his Brief in Opposition to the Second Motion to Dismiss for Failure to State a Claim. (Doc. 20).

II. LEGAL STANDARD

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the court "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In

reviewing a motion to dismiss, a court must "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id*. at 230.

In deciding whether a complaint fails to state a claim upon which relief can be granted, the court is required to accept as true all factual allegations in the complaint as well as all reasonable inferences that can be drawn from the complaint. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc*., 20 F.3d 1250, 1261 (3d Cir. 1994). These allegations and inferences are to be construed in the light most favorable to the plaintiff. *Id*. However, the court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist*., 132 F.3d 902, 906 (3d Cir. 1997). Further, it is not proper to "assume that [the plaintiff] can prove facts that [he] has not alleged . . . ." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Following the rule announced in *Ashcroft v. Iqbal*, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a complaint must recite enough factual allegations to raise the plaintiff's claimed right to relief beyond the level of mere speculation. *Id*. To determine the sufficiency of a

complaint under the pleading regime established by the Supreme Court, the court must engage in a three-step analysis:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 675, 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief" and instead must 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

As the Court of Appeals has observed:

> The Supreme Court in *Twombly* set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Iqbal*. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011).

In undertaking this task, the court generally relies only on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); see also, *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment."). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien &Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

III. ANALYSIS

    A. **PLAINTIFF FAILS TO PLEAD ENOUGH FACTS TO SHOW THAT THE TELEMARKETING CALLS WERE PLACED ON DEFENDANT ARRIVIELLO'S BEHALF**

In response to a rising amount of unsolicited telemarketing calls being made to individuals, Congress enacted the Telephone Consumer Protection Act of 1991. 47 U.S.C. § 227. The TCPA makes it:

> unlawful for any person . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . .(iii) to any . . . cellular telephone . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. § 227(b)(1). The TCPA defines automated telephone dialing system as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). There are three exceptions to the general prohibition on ATDS calls: "(1) a call made for emergency purposes, (2) a call made with the prior consent of the called party, and (3) a call made to collect government debts." *Duran v. La Boom Disco, Inc.*, 369 F. Supp. 3d 476, 481 (E.D.N.Y 2019) (citing 47 U.S.C. § 227(b)(1)(A))). In the case of a violation, the TCPA does create a private right of action to allow a plaintiff to recover $500 for each violation, or $1500 if the violation is willful or knowing. 47 U.S.C. § 227(b)(3).

In order to state a cause of action under TPCA, the plaintiff must allege that (1) a call was made; (2) the recipient did not give express consent to receive the call; (3) the caller used an ATDS; and (4) the number called is assigned to a cellular telephone service. *Richardson v. Verde Energy USA, Inc.*, 354 F.Supp.3d 639, 643 (E.D. Pa 2018) (citing 47 U.S.C. § 227(b)(1)(A)(iii)).

Defendant Arriviello argues that all claims arising under the TCPA should dismissed because Plaintiff "has failed to allege that moving defendant ever made an unsolicited robo call to him and has failed to allege any facts to support his allegations that the person who made the robo call to him was an agent of the moving defendant." (Doc. 18, p. 8).

In response, Plaintiff argues that:

> Here, Plaintiff alleges in his Amended Complaint that the agents of doctor have said that (1) our doctor will evaluate information and (2) our doctor will call you. . . .
>
> . . . . In the instant matter, *it is apparent that the lead generators and/or agents of doctor by their statements as written above had actual, implied or apparent authority* and that they were working in conspiracy. Again, the statements in the previous paragraph tend to manifest authority of some type. The statements alleged in the amended complaint are not mere conclusory terms. Indeed, they cannot be more pointed and any reasonable person would believe that the agents were working for the doctor and it is specific enough to enable the defendant to plead to the complaint. If the Court finds otherwise, amendments will fill any gaps or cure and deficiencies.

(Doc. 20, pp. 8-9) (emphasis added).

As explained in *Klein v. Just Energy Group*,

According to the FCC, federal common law agency principles providing for vicarious liability for calls initiated by a third party advance the goals of the TCPA. *In the Matter of the Joint Petition Filed by Dish Network, LLC.*, 28 FCC Rcd at 6587 ¶ 35. The United States Supreme Court in *Campbell-Ewald Co. v. Gomez* held that a party may be liable under the TCPA in accordance with tort-related vicarious liability rules. *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 674 (2016) (the Court had no cause to question the FCC's ruling that vicarious liability applies under the TCPA).

"[W]hen Congress creates a tort action, it legislates against a legal background of ordinary tort-related vicarious liability rules and consequently intends its legislation to incorporate those rules." *Meyer v. Holley*, 537 U.S. 280, 285, 123 S.Ct. 824, 828 (2003). "It is well established that traditional vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment." 537 U.S. at 285, 123 S.Ct. at 829. Thus, a seller or creditor cannot shield itself from liability simply by outsourcing telemarketing or collection calls to a third party. *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877 (9th Cir. 2014), aff'd 136 S.Ct. 663 (2016). "[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez*, 768 F.3d at 879. Vicarious liability under the TCPA may be established under a broad range of agency theories, including formal agency, apparent authority and ratification. 28 FCC Rcd. at 6582 ¶ 24, 6584 ¶ 28, 6588 ¶37. The relationship between the parties is paramount in determining whether there is vicarious liability. *Gomez*, 768 F.3d at 878.

No. 14-1050, 2016 WL 3539137 at *9 (W.D. Pa. June 29, 2016).

"An agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent." *Covington v. Int'l Ass'n of Approved Basketball Officials,* 710 F.3d 114, 120 (3d Cir. 2013) (internal citations omitted). Plaintiff appears to argue in his brief that

Defendant Arriviello is vicariously liable under a theory of actual or apparent authority.

"An agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." *Dobkin v. Enterprise Financial Group, Inc.,* No. 2014 WL 4354070 at *4 (D.N.J. Sept. 3, 2014) (quoting *Covington,* 710 F.3d at 120). "Apparent authority arises in those situations where the principal causes persons with whom the agent deals to reasonably believe that the agent has authority despite the absence of an actual agency relationship." *Covington,* 710 F.3d at 120.

Under Federal Rule of Civil Procedure 8, a plaintiff must plead enough facts to establish that the asserted agency relationship existed. Plaintiff merely alleges that Defendant Arriviello "consulted" for Elite Medical Laboratories and/or Performance Laboratories (the companies who manufactured the genetic testing kits he received as a result of the robocalls) and was "their doctor." There is no allegation that Defendant Arriviello directed the callers to call Plaintiff on his behalf, or that Defendant Arriviello caused the callers to reasonably believe that they had the authority to call Plaintiff on Defendant Arriviello's behalf. Therefore, I conclude that Plaintiff has not alleged enough facts to show that the callers were

agents of Defendant Accordingly, Plaintiff's TCPA claims against Defendant Arriviello must be dismissed.

B.  PLAINTIFF'S STATE LAW CLAIM

Plaintiff also asserts a state law claim of trespass to chattels. Where a district court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the Court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose,* 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that these remaining claims properly belong in state court. *Id.* at 350. This case is no exception. The interests of judicial economy and fairness compel me to decline to exercise jurisdiction over his remaining state law claim—trespass to chattels. This claim would be better addressed by the State courts.

C.  FURTHER LEAVE TO AMEND WOULD BE FUTILE

"[I]f a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). In this

case, after the case was removed to federal court. In his First Motion to Dismiss (Doc. 8) and the accompanying brief (Doc. 10), Defendant Arriviello argued that Plaintiff failed to plead enough facts to show that the callers were Defendant Arriviello's agents. Thus, Plaintiff was put on notice of this flaw in his original complaint. Plaintiff responded to the Motion by amending his original complaint, to correct this flaw. *See* Fed. R. Civ. P. 15(a)(1) (permitting amendment as a matter of course 21 days after service of a 12(b) motion). This amendment, however, did not cure the initial defect identified by Defendant Arriviello, and a Second Motion to Dismiss was filed raising the same argument. Because Plaintiff has already amended his complaint to remedy this issue, and that amendment has failed to cure this defect, I find that granting further leave to amend would be both inequitable to require Defendant Arriviello to seek dismissal a third time, and futile because even after being placed on notice of this issue Plaintiff has failed to allege enough facts to show that any caller was an agent of Defendant Arriviello.

## IV. CONCLUSION

IT IS ORDERED THAT Defendant Richard Arriviello's Motion to Dismiss is GRANTED as follows:

(1) Plaintiff's TCPA claims against Defendant Arriviello are DISMISSED without leave to amend; and

(2) The Court declines to exercise jurisdiction over Plaintiff's State law trespass to chattels claim.

(3) An appropriate Order will follow.

Date: December 13, 2019                    BY THE COURT

                                           s/William I. Arbuckle
                                           William I. Arbuckle
                                           U.S. Magistrate Judge